## HOLLINGSWORTH v. SOUTHERN RY.

1. FOREIGN JURISDICTION.—Is the United States Circuit Court for this State a foreign jurisdiction to our State Courts?

2. REMOVAL OF CAUSES—PLEA IN ABATEMENT.—When a citizen of this State sues a Virginia corporation as such in the Courts of this State, and the defendant removes the action to United States Circuit Court on ground of diversity of citizenship, a plea in abatement of the action pending in the U. S. Court is good against a second action in the State Court on same cause of action. *Mathis* v. *Southern Ry.*, 53 S. C., 246, *distinguished from this.*

MR. JUSTICE GARY *dissents.*

Before GARY, J., Greenwood, August, 1899. Reversed.

Action by Mary Hollingsworth, administratrix of P. C. Hollingsworth, against Southern Railway. From order sustaining demurrer to plea in abatement, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: Code, 165, sub. 3, 168; 51 S. C., 137; 107 U. S., 20; 153 U. S., 671; 22 Am. Dec., 677; 25 Am. Dec., 197; 2 Fort., 21; 89 Fed., 66; 44 S. W. R., 660; 58 Am. Dec., 437; 84 Am. Dec., 451.

*Messrs. Sheppards & Grier,* contra, cite: 24 Am. Dec., 195; 16 S. E. R., 106; 36 Mich., 157; 27 S. E. R., 572; 42 L.

R. A., 486; 99 U. S., 169; 13 Wis., 84; 12 La., 159; 7 Fed. R., 520; 17 Fed. R., 627; 45 Mo., 294; 16 Ind., 327; 58 Am. Dec. 433; 22 Am. Dec., 677.

April 17, 1900.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This was an action in the Court of Common Pleas for Greenwood County, in the State of South Carolina, to recover damages, under what is known as the Lord Campbell's Act, of the defendant, appellant, for the alleged killing by its cars of one P. C. Hollingsworth—such damages being laid at $1,995.   The killing occurred on the 8th February, 1897, and the action was brought on the 7th day of February, 1899.   The answer of the defendant, the Southern Railway Company, was a plea in abatement, and was in these words: "1. That at the commencement of this action there was and there now is another action pending in the Circuit Court of the United States for the District of South Carolina between the same parties and for the same cause as that set forth in the complaint herein.   2. That on September 24th, 1897, the plaintiff instituted an action in the Court of Common Pleas for Greenwood County, in the State of South Carolina, against the defendant, upon the cause of action alleged in the complaint herein.   That on October 13th, 1897, the defendant filed its petition and bond required by law with the clerk of the Court of Common Pleas for said county of Greenwood, for removal of said cause to the Circuit Court of the United States for the District of South Carolina, and thereafter in due time filed a certified copy of the record of said State Court with the clerk of the United States Circuit Court.   That thereafter, to wit: on the day of April, 1898, the said plaintiff made a motion in the said Circuit Court of the United States to remand said cause to the State Court, which motion was refused by order dated April 15th, 1898.   3. That thereafter, to wit: on the day of August, 1898, the plaintiff made a motion to discontinue said case then pending in the United States Circuit

Court. That upon hearing said motion the Court announced its decision that the plaintiff was entitled to an order discontinuing said cause upon condition that she pay all costs which had accrued; whereupon the plaintiff, objecting to the terms imposed, asked and obtained the leave of the Court to withdraw said motion to discontinue. 4. That said cause has ever since been and is now pending in said United States Circuit Court. Whereupon the defendant demands judgment that the said complaint be dismissed with costs."

The plaintiff demurred to defendant's answer as not stating facts sufficient to constitute a defense, on four grounds: "1st. Because the plea fails to show that the Court in which the former action was pending was a Court of competent jurisdiction. 2d. Because the United States Court for the District of South Carolina is a foreign tribunal, and an action pending in a foreign tribunal is no ground of abatement of a suit in a domestic forum. 3d. The plea should show upon its face that the second action is vexatious, and should show upon its face facts which operate to abate the second action. 4th. Because the pendency of a suit in the United States Court is no cause for abatement of a subsequent suit for the same cause and between the same parties in the State Court."

On the 11th day of August, 1899, Judge Ernest Gary passed an order sustaining the demurrer to the plea in abatement, without giving any reason for such order. He also allowed the defendant twenty days to answer the complaint. From this order of Judge Gary the defendant appeals as follows: "1. It appears by defendant's answer, admitted by plaintiff's attorneys upon the motion that a cause was at that time pending in the United States Circuit Court for the District of South Carolina, between the same parties for the same relief and upon the same cause of action; and the presiding Judge erred in not holding that the former action could be successfully pleaded in abatement of the present suit. 2. That the presiding Judge erred in holding that the Circuit Court of the United States for the District of South

Carolina was a Court of foreign jurisdiction, and that, for that reason, the pendency of a suit in that Court could not be pleaded in abatement of a suit in the State Court, subsequently instituted between the same parties, for the same relief and upon the same cause of action."

I have been careful to reproduce in their text the pleas in abatement, the demurrer thereto and the grounds of appeal, for it has occurred to me, after mature reflection, that the question which has evoked the most searching investigation into the authorities, whether the United States Circuit Court for the District of South Carolina should be regarded a foreign or domestic forum in the Courts of the State of South Carolina does not arise. Of course, if it is a foreign Court, the pendency of an action therein could not be successfully pleaded in abatement of a suit pending between the same parties and on the same cause of action, in the Court of the State of South Carolina, *Hill* v. *Hill,* 51 S. C., 137, and cases there cited. In the case of Hill *v.* Hill, *supra,* an action was pending in the Court of the State of North Carolina between the same parties and on the same cause of action. So when suit was brought in the South Carolina Court between the same parties and on the same cause of action, and the defendant interposed the plea of abatement on the ground of the pendency of the action in the North Carolina Courts, this Court, on appeal, held the plea was bad. If the Court in which the action is pending which claimed to furnish the plea in abatement is a domestic forum and not a foreign, then, of course, under our Code—see sec. 165, subdiv. 3—the plea would be held good. As I remarked a short while ago, I do not consider this question arises here. In the case at bar, the plaintiff in her complaint sets out in her allegations touching the defendant, The Southern Railway Company, "That the defendant is a body politic and corporate, created by and organized according to law, chartered by and organized under the laws of *the State of Virginia.*" So, under the allegations of the

plaintiff's own complaint, the plaintiff is a citizen of South Carolina, and is exercising the duties of administratrix of the personal estate of P. C. Hollingsworth, deceased, under an appointment therefor from the court of probate for Greenwood County, in the State of South Carolina, and, on the other hand, the defendant is a citizen of the State of Virginia. When the plaintiff in her administrative character brought her suit against the defendant railway company in the State Court, under the laws of the United States, it was placed in the power of the defendant to transfer the same action then pending in the State Court into the Circuit Court of the United States for the District of South Carolina for trial in the latter forum. Not a new case, but the same case for trial in the latter forum, and this power is given to the defendant because of the diverse citizenship of plaintiff and defendant. The respondent has referred to the recent case of *Mathis* v. *Southern Railway Co.,* 53 S. C., 246. But that case will not help the respondent; for there the plaintiff alleged in the complaint that such Southern Railway Company "was and is now a corporation duly authorized under the laws of the State of *South Carolina* to mainttain, &c.," thus negativing any *diverse citizenship.* But to recur to the line of thought I was desirous of presenting on this subject, I may say that I have understood the effect of an effort to remove a cause from a State Court to a Federal Court for that same State to be that, if a good ground for removal existed, upon a compliance with the requirements of the United States Statute regulating removals, the power of the State Court to try the action ceased; but if the ground for removal did not exist, the trial would proceed in the State Court, but subject to a review, upon appeal, in the United States Supreme Court. Certain it is that under the United States Statutes a right of removal from the State to the Federal Courts exists on the ground of diverse citizenship. When such removal takes place, the original record is not transferred from the State to the Federal Court—only a certified copy thereof is required to be filed in the United States Cir-

cuit Court for the District of South Carolina.    The original record remains in the Court of Common Pleas for the county of Greenwood, in the State of South Carolina.    Now, when the plaintiff began her second action on the 7th February, 1899, and the defendant raised in its answer the plea in abatement, based upon the removal of the cause to the Federal Court, it necessarily presented to the Circuit Court this condition of things: That the plaintiff had at that moment pending in the State Court her action against the same defendant for the same cause of action; that, under the law, the trial of that action could only be had in the United States Circuit Court; that such action still existed; that the plaintiff under these circumstances undertook to bring a second action to which the defendant pleaded in abatement.    Under these circumstances, I think the Circuit Judge was in error in sustaining this demurrer to the plea in abatement.

It is the judgment of this Court, that the order of the Circuit Court appealed from be reversed, and the action be remanded to the Circuit Court for such further action as may be necessary.

MR. CHIEF JUSTICE MCIVER *and* MR. JUSTICE JONES *concur in result.*

MR. JUSTICE GARY *dissenting.*    The case of *Mathis* v. *Ry. Co.,* 53 S. C., 246, shows that the case was improperly removed to the Circuit Court of the United States.    The State Court, therefore, retained its jurisdiction.    If the answer had set up as a defense that another action was pending between the same parties for the same cause of action *in the State Court,* quite a different question would be presented. As I do not think the action was pending in the United States Circuit Court, I dissent from the opinion of Mr. Justice Pope.